**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| SANDRA BUHL,<br><br>      Plaintiff,<br><br>vs.<br><br>DALE BLACK, Individually and in his official capacity as Superintendent of Schools of Rockwell City-Lytton Community School District; JO GRODAHL, Individually and in her official capacity as President of the Rockwell City-Lytton Community School District; and ROCKWELL CITY-LYTTON COMMUNITY SCHOOL DISTRICT,<br><br>      Defendants. | No. C06-3042-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Unresisted Categories Of Evidence* . . . . . . . . . . . . . . . . . . . . . . . 3
    *B. Resisted Categories Of Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . 3
        1.    *Evidence of unemployment compensation* . . . . . . . . . . . . . . 3
        2.    *Evidence in support of affirmative defenses* . . . . . . . . . . . . . 4
        3.    *After-acquired evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        4.    *Recording of closed board meeting* . . . . . . . . . . . . . . . . . . 8

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I. INTRODUCTION

In this action, filed June 22, 2006, plaintiff Sandra Buhl asserts several claims against her former employer, the Rockwell City-Lytton Community School District (the School District), Dale Black, the Superintendent Of Schools for the School District, and Jo Grodahl, the President of the School Board for the School District, arising from Buhl's employment and the termination of her employment as the board secretary/business manager for the School District. Somewhat more specifically, Buhl alleges, as her first cause of action, pursuant to 42 U.S.C. § 1983, that she was discharged for no reason, in violation of her property interest in public employment; as her second cause of action, also pursuant to 42 U.S.C. § 1983, that she was discharged in violation of her liberty interest; as her third cause of action, pursuant to state common law, that she was discharged in breach of contract; as her fourth cause of action, pursuant to the Iowa Wage Payment Collection Act (IWPCA), IOWA CODE CH. 91A, that the defendants failed in bad faith to pay her wages due; as her fifth cause of action, pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, that the defendants interfered with her FMLA rights; and as her sixth cause of action, also pursuant to the FMLA, that the defendants retaliated against her for exercising her FMLA rights. The defendants filed an Amended And Substituted Answer And Affirmative Defenses (docket no. 15) in response to Buhl's claims on October 3, 2006, denying all of Buhl's claims. Trial in this matter is set to begin on November 5, 2007.

In anticipation of trial, Buhl filed her October 8, 2007, Motion In Limine (docket no. 24), which is now before the court. The defendants filed a Resistance (docket no. 25) on October 10, 2007, stating that they do not resist exclusion of certain categories of

evidence identified in Buhl's motion, but that they do resist the exclusion of other challenged categories of evidence.

## II. LEGAL ANALYSIS
### A. *Unresisted Categories Of Evidence*

The court must first sort the categories of evidence that the defendants agree should be excluded from those that the defendants assert are admissible, notwithstanding Buhl's contentions. The categories of evidence that the defendants agree should be excluded are the following: (1) evidence of any and all settlement discussions by and between the parties; and (2) any evidence that the health condition for which Buhl received surgery in late 2006 was not a serious health condition within the meaning of the FMLA. The portions of Buhl's Motion In Limine seeking to exclude these categories of evidence will be granted.

### B. *Resisted Categories Of Evidence*

The parties dispute the admissibility of several categories of evidence. The court will consider those categories of evidence in turn.

#### 1. *Evidence of unemployment compensation*

Buhl seeks to exclude any evidence that she was approved for and received unemployment compensation, as well as any prior administrative rulings that initially determined that she was not entitled to unemployment compensation. Buhl argues that such evidence should be excluded under the "collateral source rule." The defendants, however, contend that Buhl's arguments to exclude this evidence are "moot," because Buhl testified under oath in her deposition that she did not file for unemployment compensation.

3

Because the defendants apparently believe that Buhl never sought unemployment compensation, presumably they do not intend to offer any evidence that she was initially denied or eventually received such compensation. Moreover, it appears that there is either a factual dispute between the parties, or one of the parties is simply mistaken, concerning whether or not Buhl applied for or eventually received unemployment compensation. The defendants have submitted the portions of Buhl's deposition testimony in which she testified that she did not apply for unemployment compensation. There is, at present, no evidence in the record that Buhl did apply for or receive (or was initially denied) unemployment compensation.

The court will not assume that there is any evidence of unemployment compensation to be offered at trial in the face of the defendants' evidence that Buhl did not apply for unemployment compensation. The court will not offer an advisory opinion about the admissibility of some hypothetical evidence. If any evidence concerning Buhl's application for, denial of, or receipt of unemployment compensation is offered at trial, and a timely objection is made, the court will simply have to determine at that time whether any such evidence is admissible.

The portion of Buhl's Motion In Limine seeking to exclude evidence of unemployment compensation or administrative decisions concerning her application for unemployment compensation will be denied without prejudice to a timely objection if any such evidence is offered.

### 2. *Evidence in support of affirmative defenses*

Next, somewhat obscurely, Buhl contends that any evidence or argument in support of an affirmative defense has been waived by the defendants' failure to plead a particular affirmative defense. The defendants' response is equally obscure, in that it simply asserts

4

that each and every allegation in support of exclusion of this category of evidence is denied and resisted.

Contrary to what appears to be Buhl's contention that the defendants have pleaded no affirmative defenses, the defendants' Amended And Substituted Answer And Affirmative Defenses does assert the following affirmative defenses: (1) estoppel to assert any claim, because Buhl allegedly voluntarily quit her employment; (2) "accord and satisfaction," in that Buhl allegedly voluntarily accepted a compromised payment that was negotiated pursuant to her voluntary resignation; and (3) "compromise and settlement," in that Buhl allegedly voluntarily resigned after negotiation and accepted payment after her resignation pursuant to the terms of that negotiated and mutually agreed upon resignation. *See* Answer And Substituted Answer (docket no. 15), Affirmative Defenses, ¶¶ 1-3. Therefore, what appears to be Buhl's fundamental allegation in support of exclusion of evidence in support of affirmative defenses is flawed, because the defendants did assert "certain" affirmative defenses. Evidence in support of the affirmative defenses that the defendants did plead is, of course, admissible, subject to other objections. The defendants will not, however, be allowed to offer evidence in support of affirmative defenses that they did not plead. *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir. 1988) ("[F]ailure to plead . . . an affirmative defense results in waiver of that defense and its exclusion from the case."). Buhl's Motion In Limine to exclude evidence in support of affirmative defenses will be granted to that extent.

### 3.     *After-acquired evidence*

The next category of evidence appears to present a real fighting issue. Buhl seeks to exclude "after-acquired evidence" of errors, omissions, or other "bad things" that she had allegedly done prior to her termination. Buhl contends that such evidence is irrelevant to the defendants' theory of the case that she voluntarily resigned and that such evidence

5

was not available to the decision-maker at the time of the decision to terminate her employment. She specifically seeks to exclude any testimony from seventeen of the defendants' witnesses as well as the defendants' exhibits M-LL and PP-RR.

The defendants, however, contend that the evidence will show that discussions about Buhl's voluntary retirement and resignation began because of numerous problems, omissions, and mistakes in her work. Such evidence, they contend, is probative of the defendants' motivation in seeking Buhl's resignation, as opposed to Buhl's contentions of improper and retaliatory motivations. Such evidence is also probative, they contend, of Buhl's own desire to accept proposals for her resignation and of her desire to find other employment, where she testified, *inter alia*, that she was "in over her head" in her job with the School District.

The factual assumption of this part of Buhl's motion is that none of the evidence of her bad performance was known to the defendants at the time of her termination of employment, *i.e.*, that the evidence is "after-acquired." *See, e.g., EEOC v. Dial Corp.*, 469 F.3d 735, 744 (8th Cir. 2006) ("after-acquired evidence" is evidence of an employee's wrongdoing that is only "belated[ly] discover[ed]" after the employment decision at issue in the case was made). The defendants, however, apparently assert that such evidence was known to them and to Buhl prior to her termination, so that it is not "after-acquired evidence" at all, simply evidence of poor performance upon which both the defendants' decisions and Buhl's decision about her continued employment were based. The court cannot resolve such a factual dispute on a motion in limine, at least not one presented and resisted in as cursory a manner as the present motion. However, evidence of the basis for the parties' decisions, known to them at the time that the decisions in question were made, is clearly relevant and admissible in a case involving inferences of motive.

6

Yet, even if the evidence of Buhl's poor performance is "after-acquired evidence," that is, unknown to the defendants at the time of the decisions regarding Buhl's termination, and only belatedly discovered, it is not completely inadmissible. As the Eighth Circuit Court of Appeals recently explained, "In *McKennon [v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995)], the Supreme Court concluded that an employer's belated discovery of wrongdoing by a dismissed employee should not completely bar an award of back pay because of the congressional 'objective of forcing employers to consider and examine their motivations, and of penalizing them for employment decisions that spring from [ ] discrimination.'" *Dial Corp.*, 469 F.3d at 745 (quoting *McKennon*, 513 U.S. at 362). Therefore, under *McKennon*, back pay should be awarded in a case involving after-acquired evidence from the date of the unlawful discharge to the date that the new information was discovered, absent findings of extraordinary equitable circumstances. *Id.* More specifically, "after-acquired evidence" of a discharged employee's wrongdoing during employment is relevant, if the employer meets the burden of proving that it would have terminated the employee because of such wrongdoing, had the employer known about the wrongdoing at the time it occurred. *Id.* If the employer produces such evidence, the court should consider whether the employee is entitled to any amount of back pay. *Id.* Moreover, the Eighth Circuit Court of Appeals has approved an "after-acquired evidence" instruction to the jury in a case asserting a claim of interference with FMLA rights, thus putting before the jury the question of whether the employer would have discharged the employee (or refused to reinstate her at the end of her leave) regardless of her taking FMLA leave, on the basis of after-acquired evidence of the employee's wrongdoing. *See Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 976-80 (8th Cir. 2005); *Ross v. Garner Printing Co.*, 285 F.3d 1106, 1112 (8th Cir.

7

2002) (the jury was properly allowed to consider after-acquired evidence of wrongdoing as a limitation on the relief to award on retaliation and breach-of-contract claims).

Therefore, the portion of Buhl's Motion In Limine seeking to exclude after-acquired evidence of her alleged wrongdoing during employment will also be denied.

### 4. *Recording of closed board meeting*

Finally, Buhl seeks to exclude evidence that she has either a copy or the original of a recording of a "closed" portion of a school board meeting on January 16, 2006. She explains that, as board secretary, she was in charge of the tape of the meeting. However, she contends that no part of this lawsuit deals with a violation of the open meetings law, so that evidence that she has the recording in question is irrelevant to any issue in the case. The defendants respond that they learned during Buhl's deposition that she had improperly taken a recording of the closed-session meeting held on January 16, 2007, in violation of Iowa law. They contend that this evidence is further evidence of Buhl's improper actions as a business manager/school board secretary.

If, indeed, the defendants show that they were unaware that Buhl had improperly taken a recording of a closed session of the school board until Buhl's deposition and if they show, further, that they would have discharged her for such misconduct, then such "after-acquired evidence" of misconduct is relevant and admissible for the reasons stated in the preceding section. *See Dial Corp.*, 469 F.3d at 745; *Throneberry*, 403 F.3d at 976-80; *Ross*, 285 F.3d at 1112. Therefore, the portion of Buhl's Motion In Limine seeking to exclude evidence of her possession of a recording of a closed session of the school board will be denied.

8

### III. CONCLUSION

Upon the foregoing, Buhl's October 8, 2007, Motion In Limine (docket no. 24) is **granted in part and denied in part**. More specifically,

1. That part of the motion seeking to exclude evidence of any and all settlement discussions by and between the parties is **granted**;

2. That part of the motion seeking to exclude any evidence that the health condition for which Buhl received surgery in late 2006 was not a serious health condition within the meaning of the FMLA is **granted**;

3. That part of the motion seeking to exclude evidence that Buhl received unemployment compensation or of administrative decisions concerning Buhl's application for unemployment compensation is **denied without prejudice** to objection when and if any such evidence is offered, and any such offer shall initially be made outside the presence of the jury;

4. That part of the motion seeking to exclude evidence in support of affirmative defenses is **granted** to the extent that the defendants may not offer evidence in support of affirmative defenses that they have not pleaded;

5. That part of the motion seeking to exclude after-acquired evidence of Buhl's alleged wrongdoing during employment is **denied**;

6. That part of the motion seeking to exclude evidence of Buhl's possession of a recording of a closed session of the school board is **denied**.

**IT IS SO ORDERED.**

**DATED** this 19th day of October, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA